Maria MACAR; et al., Plaintiffs—
Appellants,

v.

Susan HUBBARD; et al., Defendants—
Appellees,

and

Barb Sabo, Defendant.

No. 03–35369.

D.C. No. CV–98–00315–A–JKS.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 15, 2004.

Maria Macar, pro se, Ward Sattler, pro se, Chugiak, AK, for Plaintiffs–Appellants.

Richard C. Keck, Office of the Attorney General, Fairbanks, AK, Howard Trickey, Jermain Dunnagan & Owens P.C., Anchorage, AK, for Defendants–Appellees.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Maria Macar and her husband Ward Sattler appeal pro se the district court's judgment, after jury trial, in favor of the Kuspuk School District ("KSD") and other defendants, in their action alleging violation of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and various Alaska state laws, arising from the dissemination of false reports that Macar was HIV positive. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo, and we may affirm for any reason supported by the record. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir.1994). We review for abuse of discretion the denial of a motion for a new trial. *Janes v. Wal–Mart Stores Inc.*, 279 F.3d 883, 886 (9th Cir.2002). We affirm in part and dismiss in part.

The district court erred in finding that the KSD was entitled to sovereign immunity as an "arm of the state." *See Holz v. Nenana City Pub. School Dist.*, 347 F.3d 1176, 1182–89 (9th Cir.2003). Summary judgment was nonetheless proper on Macar's Rehabilitation Act claim because she

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

failed to establish a prima facie case that KSD discriminated against her on the basis of a perceived disability, as the district court properly concluded in granting summary judgment on her state employment discrimination claim. *See Lucero v. Hart,* 915 F.2d 1367, 1371 (9th Cir.1990) (discussing elements of prima facie case under Rehabilitation Act); *Moody–Herrera v. State Dep't of Natural Res.,* 967 P.2d 79, 82–88 (Alaska 1998) (discussing relation of Alaska Human Rights Act to Rehabilitation Act and other federal anti-discrimination statutes and holding prima facie case necessary under both federal and state law).

The district court did not abuse its discretion in denying Appellants' motion for a new trial because the court correctly instructed the jury on the burden of proof, and the jury's special verdict forms indicated that it found the elements of defamation had not been established and therefore did not reach the question of privilege. *See French v. Jadon, Inc.,* 911 P.2d 20, 32–33 (Alaska 1996) (explaining what plaintiff must prove to prevail on defamation claim).

We do not consider contentions on appeal relating to defendant Sabo because following the first jury trial, the district court modified its earlier summary judgment with respect to Sabo and ordered a second trial, and Appellants did not amend their notice of appeal to include the judgment following the second trial. *See* Fed. R.App. P. 4(a)(4)(B)(ii).

Appellants' remaining contentions lack merit.

The parties shall bear their own costs on appeal.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

**AFFIRMED in part, DISMISSED in part.**